IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL KELLY, on behalf of himself and others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>BUSINESS INFORMATION GROUP, INC.,<br><br>   Defendant. | Case No. 15-cv-6668<br><br>Honorable David R. Strawbridge |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
PARTIAL JUDGMENT ON THE PLEADINGS**

**TABLE OF CONTENTS**

PAGE

I. INTRODUCTION ................................................................................................................ 1

II. LEGAL STANDARD ......................................................................................................... 1

III. PLAINTIFF'S ALLEGATIONS ......................................................................................... 1

IV. PLAINTIFF'S SECTION 1681K CLAIM MUST BE DISMISSED ................................. 2

    A. Only Reports With Incomplete Or Outdated Public Record Information Are Actionable Under Section 1681k ........................................................................ 2

        1. Plain Language Supports Defendant's Reading ......................................... 4

        2. Legislative History Supports Defendant's Reading................................... 5

        3. Reading 1681k and 1681e Together Supports Defendant's Construction ................................................................................................ 5

    B. Plaintiff Fails To Plead An Incomplete Or Outdated Report By Defendant ......... 7

V. CONCLUSION .................................................................................................................... 7

**I.     INTRODUCTION**

The Court should dismiss Plaintiff's claim under Section 1681k of the Fair Credit Reporting Act ("FCRA") because he fails to allege a plausible claim for relief.  Section 1681k claims require proof that the defendant reported information about the plaintiff that was either not "complete" or not "up to date."  Plaintiff alleges that Defendant's report improperly included a judgment that was actually entered against his son.  Even accepting Plaintiff's allegations as true, he alleges that Defendant's report was inaccurate or had "too much" information, not that it was missing information (i.e., incomplete) or had outdated information.  Inaccuracy is governed by Section *1681e(b)*, not Section 1681k.  The two statutes impose **legally distinct** obligations.  Plaintiff's factual allegations therefore do not establish a plausible violation of Section 1681k.[1]

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 12(c) provides that "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Rule 12(c) has the same standard as Rule 12(b)(6): the plaintiff must demonstrate that his factual allegations are sufficient to state a "plausible" legal claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678; *Hlista v. Safeguard Props., LLC*, No. No. 15-1812, 2016 U.S. App. LEXIS 8342, at *4 n.4 (3d Cir. May 5, 2016).  Conclusory allegations are legally insufficient and must be disregarded.  *Id.* at 678.

---

[1] Defendant is not challenging Plaintiff's claim under Section 1681e(b) in this motion, but reserves all arguments.

### III.   PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that Defendant is a "reseller" that obtained and resold his credit report from Trans Union in December 2013.[2]  Compl. ¶¶ 8-10; 13.  Plaintiff alleges the report included a civil court judgment that was entered against his son, which he alleges should not have been reported *at all*, and that as a result he lost the opportunity to sell certain lines of insurance.  *Id.* ¶¶ 10; 13.  Plaintiff alleges both that Defendant did not notify him of the report and does not maintain the alternative "strict procedures" contemplated by Section 1681k.  *Id.* ¶¶ 14, 16, 17.

### IV.   PLAINTIFF'S SECTION 1681K CLAIM MUST BE DISMISSED

#### A.   Only Reports With Incomplete Or Outdated Public Record Information Are Actionable Under Section 1681k

Section 1681k is specific to background reports for employment purposes.  By its terms, Section 1681k requires a *threshold* showing that the defendant's report was not "complete" or "up to date."  It provides that:

> (a)   A consumer reporting agency which furnishes a consumer report for employment purposes and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall—
>
> (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or
>
> (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is *complete* and *up to date*. . . .

15 U.S.C. § 1681k (emphasis added).

---

[2]  A "reseller" is an agency that as the term suggests resells a consumer report compiled by a consumer reporting agency.  15 U.S.C. § 1681a(u).

Because subparts k(a)(1) and k(a)(2) are framed in the disjunctive, the plaintiff must plead that the defendant failed to comply with **both** of them.  *See, e.g., Speers v. Pre-Employ.com, Inc.*, No. 13-cv-01849, 2014 U.S. Dist. LEXIS 82386, at **19-20 (D. Or. May 13, 2014), *adopted*, 2014 U.S. Dist. LEXIS 99907 (D. Or. July 23, 2014) (reiterating same).

The plaintiff must plead under Section k(a)(2) that the defendant published a report about her with incomplete or outdated public record information.  *Id*.  The plaintiff has no claim without proof of such a report – even if the defendant allegedly had deficient procedures – because she has not suffered the harm envisioned by Section 1681k.  *See, e.g.*, *Henderson v. Corelogic Nat'l Background Data, LLC*, No. 3:12CV97, 2016 U.S. Dist. LEXIS 119442, at **19-20 (E.D. Va. Sept. 1, 2016) (explaining necessity of this element in Section 1681k claim); *cf. Alston v. Equifax Info. Servs., LLC*, No. 15-3343, 2016 U.S. Dist. LEXIS 130841, at **7-8 (D. Md. Sept. 22, 2016) (summarizing case law holding that report must actually be deficient to state a claim under other similar FCRA provisions, Section 1681e(b), Section 1681i, and Section 1681s-2).

Section 1681k(a)(2) establishes a standard for when public record information is "up to date," but not for "completeness."  *See* 15 U.S.C. § 1681k(a)(2) ("For purposes of this paragraph, items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall be considered **up to date** if the current public record status of the item at the time of the report is reported.") (emphasis added).

Courts disagree on the meaning of the term "completeness," and specifically whether an allegedly "inaccurate" report can still be "up to date" and "complete."  *See generally Williams v. First Advantage LNS Screening Solutions, Inc.*, 155 F. Supp. 3d 1233, 1250-1251 (N.D. Fla. 2015) (discussing cases); *Jones v. Sterling InfoSystems, Inc*., No. 1:14-cv-03076, ECF No. 67,

slip. op. at 3-9 (S.D.N.Y. Mar. 30, 2016) (order denying class certification of Section 1681k claim) (copy attached as **Exhibit A**).

The better reasoned construction of Section 1681k is the one that is faithful to its text, purpose and legislative history. Under that reading, a report is only not "complete" when it *fails* to include the disposition that *is* included in the public record ("not complete") and is only not "up to date" when it does not include the *most recent* disposition. *Farmer v. Phillips Agency, Inc.*, 285 F.R.D. 688, 700 (N.D. Ga. 2012); *Jones*, No. 1:14-cv-03076, ECF No. 67, slip. op. at 6-7 (misreporting an offense pertaining to a different individual with a similar name was not actionable under Section 1681k because the background report was not legally incomplete or outdated); *Oses v. CoreLogic SafeRent, LLC*, No. 13 C 6096, 2016 U.S. Dist. LEXIS 36719, at **12-13 (N.D. Ill. Mar. 22, 2016) (same where defendant misreported the type of offense).

### 1. Plain Language Supports Defendant's Reading

The plain language of the statute's terms supports Defendant's reading. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989) (courts should use common meaning of terms unless Congress has specified a different definition). Section 1681k uses the term "not complete." Merriam Webster's dictionary defines the term "incomplete" as "lacking some part" or "not finished." http://www.merriam-webster.com/dictionary/incomplete. It defines the term "complete" as "having all necessary parts," "not lacking anything," " not limited in any way," "not requiring more work," or "entirely done." http://www.merriam-webster.com/dictionary/complete. On the other hand, Merriam Websters defines "accurate" as "free from mistakes or errors," "able to produce results that are correct" and "not making mistakes." http://www.merriam-webster.com/dictionary/accurate. *Pittson Coal Group v. Sebben*, 488 U.S. 105, 113 (1988) (use of dictionary definitions to determine plain meaning). The plain language of the terms forecloses the possibility that allegedly including *too much*

*information* in a report, *i.e.*, a judgment entered against someone else, could somehow render the report "not complete," rather than, at best, simply not "accurate."[3] Thus, the evaluation of whether a report is "complete" properly focuses on whether a disposition in the public record is *not included* in the report, whereas the concept of "accuracy" focuses on whether there are any *errors* in the reported information.

### 2. Legislative History Supports Defendant's Reading

The legislative history fortifies this reading of the plain text. It demonstrates that Congress was most concerned about whether a consumer reporting agency had verified "the current status of such public record items." *Jones*, No. 1:14-cv-03076, ECF No. 67, slip. op. at 8. This verification would mean, as a practical matter, checking the most recent disposition of the item ("up to date") and including in the report that most recent disposition ("complete").

### 3. Reading 1681k and 1681e Together Supports Defendant's Construction

Reading the terms of Sections 1681k and 1681e(b) together also supports Defendant's construction. *Jones v. Sterling InfoSystems, Inc.*, No. 1:14-cv-03076, ECF No. 67, slip. op. at 6 (citing *King v. Burwell*, 135 S. Ct. 2480, 2489 (2015) ("[W]hen deciding whether the language is plain, we must read the words in their context and with a view to their place in the overall statutory scheme. Our duty, after all, is to construe statutes, not isolated provisions.")). As a textual matter, reporting "accuracy" is the province of Section 1618e(b), which mandates "reasonable procedures to assure maximum possible accuracy." *Williams*, 155 F. Supp. 3d at

---

[3] Any other conclusion, using the terms outside of FCRA, results in the absurd. One can hardly imagine describing a set of paints as "incomplete" because it included an additional unwanted color, a textbook "incomplete" because of an extra chapter, or a can of tennis balls "incomplete" because it included an additional poor quality ball. Nor would a news article on Microsoft stock suddenly be rendered "out of date" because it also discussed Intel or Apple. On the other hand, all of those items might have been "inaccurately" described: the paint set as 5 colors, when it included 6; the textbook as 10 chapters when it included 11; the can of tennis balls as having 3 balls when it had 4; and the news article as about 1 company when it was actually about 3.

5

1250-1251. Congress could have included this same term – "accuracy" – in Section 1681k if it intended an overlap with Section 1681e(b). *See Custus v. United States*, 114 S. Ct. 1732, 1736 (1994) (courts should not give broad meaning to statutory provision for policy reasons if Congress has specifically provided for the broader policy in more specific language elsewhere).

Indeed, Congress has elsewhere shown in the FCRA that "accuracy" and "completeness" are legally distinct. And, any reading of Section 1681k that effectively collapses these separate terms into one must be rejected under well-settled canons of construction. *Ratzlaf v. United States.*, 114 S. Ct. 655, 659 (1994) (courts should read statutes so as not to render terms superfluous or unnecessary). Section 1681s-2, which governs "furnishers" of information to consumer reporting agencies, uses the phrase "complete *or* accurate" repeatedly. 15 U.S.C. § 1681s-2 (emphasis added). The differentiation by Congress is deliberate. Initially, a furnisher cannot provide information it knows is "inaccurate." *Id.* § 1681s-2(a)(1)(A)-(B). Separately, the furnisher has an obligation to "correct *and update*" information. *Id.* § 1681s–2(a)(2) (emphasis added). If the furnisher learns it reported information that is not "complete or accurate," it must "promptly notify the consumer reporting agency … and provide … any ***corrections to that information***, ***or any additional information***, that is necessary to make the information … ***complete and accurate***, and shall not thereafter furnish to the agency any of the information that remains not ***complete or accurate***." *Id.* (emphasis added). The providing of "additional information" would make previously "incomplete" information "complete," whereas the providing of "corrections to that information" would make the previously "inaccurate" information "accurate." *See id.* The rest of the section reinforces the distinction. *Compare id.* § 1681s-2(a)(8) (consumer can directly dispute "accuracy" with furnisher) *with* § 1681s-2(b)(1) (furnisher may receive notice of dispute of "completeness or accuracy" of information from

consumer reporting agency); *see also Baker v. Capital One Bank*, No. CV 04-1192, 2006 U.S. Dist. LEXIS 2625, at **7-8 (D. Ariz. Jan. 24, 2006) (interpreting the term "complete" in Section 1681s-2, and noting the term "complete" must be interpreted "with reference to some objective standard of what is generally required in creditors' reports to reporting agencies," and whether under that "standard" any information is missing).[4]

In short, the better reasoned reading of Section 1681k is that an alleged mistake (or "inaccuracy") – including the reporting of additional information that allegedly should not be in the report at all – does not render a report not "up to date" or "not complete."

### B.  Plaintiff Fails To Plead An Incomplete Or Outdated Report By Defendant

Plaintiff alleges a supposedly "inaccurate" report but not an incomplete or outdated one. Plaintiff flatly alleges that Defendant's report "erroneously" included a civil court judgment that was entered against his son. *Id.* ¶¶ 10; 13.  The upshot is that Plaintiff is alleging that Defendant should not have reported information about the judgment *at all*.  *See id.*  Indeed, Plaintiff claims only that the report was "derogatory and inaccurate." *Id.* ¶ 10.  On the other hand, Plaintiff does not identify any information in the public record that was missing from or outdated in the report. *See id.*  His purported claim fails as a matter of law and should be dismissed.

### V.  CONCLUSION

Plaintiff's factual allegations do not establish a plausible violation of Section 1681k. Plaintiff does not allege that Defendant's report about him was missing information (i.e., that it was incomplete) or outdated.  Plaintiff contends rather that the report would only have been lawful if the reported judgment was *excised* from the report.

---

[4] As another example, Section 1681i allows consumer disputes as to the "completeness *or* accuracy of any item of information contained in a consumer's file at a consumer reporting agency." 15 U.S.C. § 1681i (emphasis added).

That is not the province of Section 1681k. The Court should therefore grant Defendant's motion and dismiss Plaintiff's Section 1681k claim.

        Respectfully submitted,

        */s/ William J. Simmons*
        William J. Simmons (PA #206860)
        **LITTLER MENDELSON, P.C.**
        Three Parkway
        1601 Cherry Street, Suite 1400
        Philadelphia, PA  19102.1321
        267.402.3047
        wsimmons@littler.com

        Rod M. Fliegel (*pro hac vice*)
        **LITTLER MENDELSON, P.C.**
        333 Bush Street, 34th Floor
        San Francisco, CA 94104
        415.433.1940
        rfliegel@littler.com

        Chad J. Kaldor (*pro hac vice*)
        **LITTLER MENDELSON, P.C.**
        Fifth Third Center
        21 East State Street, 16th Floor
        Columbus, OH 43215
        614.463.401
        ckaldor@littler.com

        Daniel P. Shanahan (*pro hac vice*)
        **WILLIAMS & CONNOLLY, LLP**
        725 Twelfth Street, N.W.
        Washington, D.C. 20005
        202.434.5174
        dshanahan@wc.com

        Attorneys for Defendant
Dated: October 3, 2016        Business Information Group, Inc.