**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL KELLY, on behalf of himself and others similarly situated, | : : : | |
| | : | Case No. 15-cv-6668 |
| Plaintiff, | : : | |
| | : | Honorable David R. Strawbridge |
| v. | : : | |
| | : | |
| BUSINESS INFORMATION GROUP, INC., | : : : | |
| | : | |
| Defendant. | : : : : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE
CLASS ALLEGATIONS**

**TABLE OF CONTENTS**

**PAGE**

I.    INTRODUCTION ..................................................................................................... 1

II.   STATUTORY OVERVIEW ................................................................................... 2

III.  PLAINTIFF'S ALLEGATIONS ............................................................................ 3

IV.   PLAINTIFF'S CLASS ALLEGATIONS SHOULD BE STRICKEN ............................. 4

      A.    Striking Class Allegations Is Proper When The Class Cannot Be Certified ......... 4

      B.    Rule 23(b)(3) Cannot Be Satisfied Because Report-Specific Review Is
            Needed ..................................................................................................... 6

      C.    A Narrower Class Will Fail As Not Ascertainable ................................................. 9

      D.    Superiority Is Also Lacking ................................................................................. 10

      E.    Rule 23(b)(2) Is Unavailable To Plaintiff ............................................................. 11

V.    CONCLUSION ..................................................................................................... 12

I.      **INTRODUCTION**

This case may not proceed as a class action because it is clear even at this early stage of the proceedings that Plaintiff cannot satisfy *his* burden under Federal Rule of Procedure 23(b)(3).

The statute primarily at issue here, Section 1681k of the Fair Credit Reporting Act ("FCRA"), mandates procedures to safeguard against the reporting of incomplete or outdated public record information in employment background reports.  Importantly, a plaintiff cannot challenge the defendant's compliance procedures without *first* proving the defendant published a report about her that included such information.

Here, this threshold requirement as to the *specific contents* of the report is fatal to Plaintiff's class allegations under Rule 23(b)(3).  No discovery will allow him to prove Defendant's class-wide liability in "one stroke."  The jury – as demanded by Plaintiff – would have to conduct an exacting report-by-report comparison – for the alleged "tens of thousands of putative class members" – of *each* contested public record item (e.g., lien, judgment, bankruptcy filing, etc.) to *each* public record source (e.g., court docket) as it existed as long ago as December 17, 2010.

Plaintiff's alternative basis for certification under Rule 23(b)(2) likewise fails without discovery.  Injunctive relief – the hallmark of Rule 23(b)(2) – is not available to him under the FCRA.  Plaintiff also seeks class-wide damages as his primary remedy.

For these reasons, the Court should grant Defendant's motion and strike Plaintiff's class allegations under Rule 23(c)(1)(A) and 23(d)(1)(D).

## II.    STATUTORY OVERVIEW

Section 1681k is specific to background reports for employment purposes.  It provides

that:

> (a)    A consumer reporting agency which furnishes a consumer report for employment purposes and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall—
>
> > (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or
> >
> > (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. . . .

15 U.S.C. § 1681k.[1]

Because subparts k(a)(1) and k(a)(2) are framed in the disjunctive, a plaintiff must prove

the defendant failed to comply with **both** of them.  *See, e.g., Speers v. Pre-Employ.com, Inc.*, No.

13-cv-01849, 2014 U.S. Dist. LEXIS 82386, at \*\*19-20 (D. Or. May 13, 2014), *adopted*, 2014

U.S. Dist. LEXIS 99907 (D. Or. July 23, 2014).  A plaintiff must also prove under k(a)(2) that

the defendant published a report about her with incomplete or outdated public record

information.  *Id*.  The plaintiff has no claim without proof of such a report – even if the

defendant had deficient procedures – because she has not suffered the harm envisioned by

---

[1]  Section 607 mandates overall procedures to ensure *accurate* reporting.  15 U.S.C. § 1681e(b).

Section 1681k.[2]  *See, e.g.*, *Henderson v. Corelogic Nat'l Background Data, LLC*, No. 3:12CV97, 2016 U.S. Dist. LEXIS 119442, at \*\*19-20 (E.D. Va. Sept. 1, 2016).

As explained below, this threshold requirement as to the ***specific contents*** of the report is fatal to Plaintiff's class allegations under Rule 23(b)(3).

## III.    PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that Defendant is a "reseller" that obtained and resold his credit report from Trans Union in December 2013.[3]  Compl. ¶¶ 8-10; 13.  Plaintiff alleges the report included a judgment that was entered against his son – who has the ***same*** first and last, but not middle name – and that as a result he lost the opportunity to sell certain lines of insurance.  *Id.* ¶¶ 10; 13. Plaintiff alleges both that Defendant did not notify him of the report and does not maintain the alternative "strict procedures."  *Id.* ¶¶ 14, 16, 17.

Plaintiff's Complaint alleges two causes of action, but this motion is only addressed to his putative nationwide class claim under Section 1681k.  Plaintiff claims that Defendant is liable to "at least tens of thousands" of class members – for $100-$1,000 each – and proffers his class definition as follows:

---

[2]  Section 1681k(a)(2) establishes a standard for when public record information is "up to date," but not for "completeness."  Courts disagree on the meaning of that term (e.g., whether "inaccurate" reports still can be "complete").  *See generally Williams v. First Advantage LNS Screening Solutions, Inc.*, 155 F. Supp. 3d 1233, 1250-1251 (N.D. Fla. 2015); *Jones v. Sterling InfoSystems, Inc.*, No. 1:14-cv-03076, ECF No. 67, slip. op. at 3-9 (S.D.N.Y. Mar. 30, 2016) (Order denying class certification of Section 1681k claim) (copy attached as **Exhibit A**).

[3]  A "reseller" is an agency that – as the term suggests – resells a consumer report compiled by a consumer reporting agency.  15 U.S.C. § 1681a(u).

3

> All natural persons residing in the United States . . . (a) who were the subject of a consumer report furnished to a third party by Defendant, (b) that was furnished for an employment purpose, (c) that contained at least one record of a criminal conviction or arrest, civil lien, bankruptcy or civil judgment, (d) on or after December 15, 2010, and (e) to whom Defendant did not place in the United States mail postage pre-paid, on the day it furnished any part of the report containing the public record, a written notice that it was furnishing the subject report and containing the name of the person that was to receive the report.

Compl. ¶¶ 28; 41.

Plaintiff's class definition conveniently ***omits*** for strategic reasons any reference to the alleged misreporting of incomplete or outdated information. *See id.* ¶ 28; *see also* Defendant's concurrent Motion for Judgment on the Pleadings (explaining Plaintiff's allegations that report should not have included the judgment against his son cannot as a matter of law establish a report that is not "complete" or "up to date"). As further explained below, Plaintiff recognizes that delving into the details of ***his*** report to establish a Section 1681k claim would necessarily mean that the same report-specific individualized inquiry would be required for each putative class member.

## IV.   PLAINTIFF'S CLASS ALLEGATIONS SHOULD BE STRICKEN

### A.   Striking Class Allegations Is Proper When The Class Cannot Be Certified

"The authority to strike class allegations stems from Federal Rules of Civil Procedure 12(f), 23(c)(1)(A), and 23(d)(1)(D)." *Luppe v. Cheswick Gen. Station*, No. 12-929, 2015 U.S. Dist. LEXIS 9791, at *4 (W.D. Pa. Jan. 28, 2015). Rule 23(c)(1)(A) provides that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Rule 23(d)(1)(D) further provides that "[i]n conducting an action under this rule, the court may issue orders that . . . require that the pleadings be amended to eliminate allegations about representation of absent persons and that the

4

action proceed accordingly." Rule 12(f) provides that the court may "act on its own," to "strike from a pleading . . . any . . . immaterial, impertinent . . . matter."

Courts may strike class allegations before discovery "where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." *See, e.g.*, *Johnson v. Organo Gold Int'l*, No. 15-390, 2016 U.S. Dist. LEXIS 63361, at \*\*21-22 (D. Del. May 13, 2016) (granting motion to strike class allegations because defects apparent from the face of the complaint); *Semenko v. Wendy's Int'l, Inc.*, No. 12-cv-08362013 U.S. Dist. LEXIS 52582, at \*9 (W.D. Pa. Apr. 12, 2013) ("Accordingly, as will be discussed *infra*, because the Court finds and rules that the issues in this particular case 'are clear and discovery on class certification is unnecessary,' it will treat the motion to strike and its opposition as a motion for class certification and its opposition without permitting discovery or waiting for a certification motion to be filed.").

Courts in this Circuit have granted such motions where, as here, a substantive element of the plaintiff's class claim requires ***individualized*** inquiries. *Davis v. Bank of Am., N.A.*, No. 13-4396, 2016 U.S. Dist. LEXIS 13333, at \*\*13-14 (E.D. Pa. Feb. 3, 2016) (Tucker, J.) (granting motion to strike class allegations where the plaintiffs' unfair competition theory would require individualized proof of justifiable reliance on alleged misrepresentations); *Slippery Rock Area Sch. Dist. v. Tremco, Inc.*, No. 15-1020, 2016 U.S. Dist. LEXIS 75403, at \*\*55-56 (W.D. Pa. June 9, 2016) (granting motion to strike class allegations and noting: "We have to be mindful as Courts that we cannot have litigation that just opens the door to huge expenses for defendants" based on plaintiffs' mere say-so that discovery could have some metaphysical possibility of revealing helpful evidence); *Martinez v. Equifax Inc.*, No. 15-2100, 2016 U.S. Dist. LEXIS 5859, at \*12 (D.N.J. Jan. 19, 2016) (granting motion to strike class allegations in FCRA case, vague

class definition would require impermissible mini-trials); *Advanced Acupuncture Clinic, Inc. v. Allstate Ins. Co.*, No. 07-4925, 2008 U.S. Dist. LEXIS 65174, at **34-35 (D.N.J. Aug. 26, 2008) (granting motion to strike class allegations in case involving alleged failure to pay reasonable medical expenses because determination whether expenses were reasonable would require individualized review of each policy and other circumstances).

**B.      Rule 23(b)(3) Cannot Be Satisfied Because *Report-Specific* Review Is Needed**

Here, with all due respect, denial of class certification seems imminent because Section 1681k claims are inherently fact-intensive. *Cf. Grandalski v. Quest Diagnostics Inc.*, 767 F.3d 175, 185 (3d Cir. 2014) (affirming denial of class certification; finding that individualized issues predominated in case alleging fraudulent overbilling by lab services provider, because that class definition included everyone who was overbilled, but not all overbilling was fraudulent).

Indeed, several courts have denied class certification of Section 1681k claims for this very reason.    *See, e.g., Henderson*, 2016 U.S. Dist. LEXIS 119442, at *38 (denying certification); Ex. A, *Jones*, No. 1:14-cv-03076, ECF No. 67, slip. op. at 13-14 (denying class certification; "in light of this Court's interpretation of the word "complete," it will obviously be an ***intensively individualized inquiry*** to determine whether the information reported on any given class member was complete and up to date.  The scope of that inquiry will necessarily be specific to each individual report") (emphasis added); *Farmer v. Phillips Agency, Inc.*, 285 F.R.D. 688, 703 (N.D. Ga. 2012) (denying certification; "it will be necessary to conduct a ***highly individualized inquiry*** into the content of each consumer's report to determine if the adverse information in that report is complete and up to date") (emphasis added); *see also Speers*, 2014 U.S. Dist. LEXIS 82386, at *20 (dismissing class allegations).

*Henderson* aptly illustrates why class certification is prohibited here based on the ***legal standard*** under Section 1681k and without fact discovery.  The judge observed that courts and the FTC have universally agreed a plaintiff cannot challenge the defendant's compliance procedures without ***first*** proving the defendant published a report about her that included incomplete or outdate information.  *Henderson*, 2016 U.S. Dist. LEXIS 119442, at \*\*11-20 (rejecting plaintiffs' argument "the Court should reject the reasoning of every other court to have decided this issue and forge its own path" to decide a Section 1681k claim is viable without such proof).  Although the plaintiffs argued that denial of class certification was unfair because it would be "impossible" to prove that every report was improper on a class-wide basis, the judge rejected that concern as self-imposed, stating: "Plaintiffs have put themselves in this predicament because they have chosen to pursue class certification, rather than individual actions, and their proposed class is premised on the assumption that [the defendant] never furnished a complete report, yet they have refused to limit the class to reports that were incomplete or outdated in a specific, objective, and verifiable way."[4]  *Id.* at \*\*37-38.

Defendant's argument is further supported by rulings under Section 1681e(b), which provides: "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  The threshold element of an inaccuracy has been ***fatal*** to putative class claims based on the *prima facie* elements of the cause of action and without relying on particulars from the factual record.  *Owner-Operator Indep. Drivers Ass'n v. USIS Commer. Serv.,* 537 F.3d 1184, 1194 (10th Cir. 2008) (affirming denial of certification

---

[4]  The court denied the certification motion without prejudice as to certain ***narrow*** subclasses (e.g., individuals who were the subject of a criminal background report with a "hit" for a record in Virginia or Pennsylvania – not nationwide – where state records included certain identifiers).

where district court had properly concluded the "accuracy of each individual's [report], an essential element of a § 1681e(b) claim, required a particularized inquiry"); *Gomez v. Kroll Factual Data, Inc.*, No. 13-cv-044, 2014 U.S. Dist. LEXIS 51303, at \*\*9-10 (D. Colo. Apr. 14, 2014) (denying certification because "[t]he success of the class members' claims will depend on several issues that must be determined individually [including] whether the credit report was inaccurate"); *Harper v. Trans Union, LLC*, No. 04-3510, 2006 U.S. Dist. LEXIS 91813, at \*24 (E.D. Pa. Dec. 20, 2006) (denying certification in part because "highly individualized proofs" would be required for plaintiff to "establish the credit reports at issue included inaccurate information"); *Pendleton v. Trans Union Systems Corp.*, 76 F.R.D. 192, 197 (E.D. Pa. 1977) (denying certification for same reasons); *cf. also Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 216 (E.D. Pa. 2007) (denying class certification of Section 1681i claim because it required individual determination whether each report was inaccurate).[5]

In sum, the Court should grant Defendant's motion and strike Plaintiff's class allegations because discovery will not allow him to satisfy **his** burden to prove liability in "one stroke" for his putative nationwide class. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

---

[5] The few orders granting certification have involved **narrow** class definitions. *E.g., Souter v. Equifax*, 307 F.R.D. 183 (E.D. Va. April 15, 2015) (certifying a class – after **reversal** of the first order granting certification – comprised of individuals who were the subject of a credit report reflecting a court action or judgment in **Virginia**, after notifying the defendant it was inaccurately reporting same, because the state's database provided common proof of inaccuracy). Some orders did **not** analyze the significance of these threshold elements under Rule 23(b)(3), including the order issued in the ongoing action by Plaintiff's attorneys against Trans Union: *Henderson v. Trans Union LLC*, No. 3:14-cv-00679, 2016 U.S. Dist. LEXIS 59198, at \*8 (E.D. Va. May 3, 2016) (refusing to certify proposed class of every report Trans Union sent to every reseller with adverse public records, but still certifying narrower class of reports sent to Business Information Group and HireRight). *See also Henderson v. Trans Union LLC*, No. 3:14-cv-00679, ECF No. 59 (E.D. Va. Sept. 30, 2015) (Trans Union brief in opposition to class certification, not including argument made here).

### C.       A Narrower Class Will Fail As Not Ascertainable

Any attempted amendment to the class definition to overcome these would be futile because it would lead to a Rule 23 ascertainability hurdle.   Plaintiff must prove he can reasonably ascertain the putative class members in an "economical" and "administratively feasible" manner.  *Carrera v. Bayer Corp.*, 727 F.3d 300, 307 (3d Cir. 2013) (vacating class certification order).  A defendant has just as much a constitutional due process right to challenge membership in the putative class as to challenge the substantive elements of each claim.  *Id.* Moreover, the purported benefit of the class action device, saving resources of the courts and parties "by permitting an issue potentially affecting every class member to be litigated in an economic fashion," is "lost" if there are substantial resources spent on the threshold matter of simply identifying proper members of the putative class.  *Id.*

By definition, the ascertainability requirement is not met if "individualized fact-finding or mini-trials will be required to prove class membership."  *Id.*  For instance, where more than a cursory analysis of individual files in the defendant's possession, or an array of costly third-party subpoenas, would be necessary to determine class membership, the ascertainability requirement is not satisfied and a class must not be certified.  *Coleman v. Commonwealth Land Title Ins. Co.*, Nos. 09-679, 09-841, 2016 U.S. Dist. LEXIS 125215, at \*\*44-47 (E.D. Pa. Aug. 16, 2016) (Slomsky, J.).[6]

---

[6]  *Coleman* was a putative class action where the plaintiffs alleged they were overcharged for homeowner's title insurance.  The plaintiffs argued they could use data analysis to narrow the subset of overcharged homeowners.  *Id.* at \*\*7-12.   Judge Slomsky found the ascertainably requirement was lacking, however, where manual review of HUD-1 settlement forms listing the insurance charges, subpoenaed from the files of the many insurance agents who executed the policies, would ultimately be required to determine class membership.  *Id.* at \*\*44-47.

9

Here, the fact-intensive, report-specific requirements under Section 1681k will defeat the requisite showing even if Plaintiff narrows his class definition to include only individuals who were the subject of reports **with** incomplete or outdated information.  *Cf. Carrera*, 727 F.3d at 307; *Martinez*, 2016 U.S. Dist. LEXIS 5859, at *12 (striking class allegations before discovery due to ascertainability).  Leave to amend therefore should be denied as futile.

### D.      Superiority Is Also Lacking

Even with discovery, Plaintiff's far reaching nationwide class independently fails for lack of superiority (i.e., because a class case is not superior to individual actions).  *See* Fed. R. Civ. P. 23(b)(3) (class action must be "superior to other available methods for fairly and efficiently adjudicating the controversy"); *Powers v. Lycoming Engines*, 328 Fed. Appx. 121, 123 (3d Cir. 2009) (describing superiority requirement, vacating order granting class certification because lower court did not sufficiently evaluate potential individualized factors in case).   A key inquiry is thus "whether a case is better brought as a class action or in . . . individual lawsuits."  *In re Processed Egg Prods. Antitrust Litig*., 312 F.R.D. 124, 163-164 (E.D. Pa. 2015) (denying class certification due to lack of, among other things, superiority).  Individual consumers have asserted numerous Section 1681k claims in pursuit of damages and attorney's fees under Section 1681n, 1681o, or both, showing the class action mechanism is unnecessary to enforce Section 1681k's requirements here.  *Henderson*, 2016 U.S. Dist. LEXIS 119442, at *41 (cataloging array of individual lawsuits under Section 1681k, and noting that "the viability of individual actions is aptly demonstrated by the litany of individual claims that these Plaintiffs and [Plaintiff Kelly's attorneys] have brought under the FCRA in other actions before this Court alone").  Indeed, the fact that Plaintiff is also bringing a Section 1681e(b) individual claim for actual damages, punitive damages, and attorneys fees' based on the same facts underscores the same point.  *Id.* (stating same).  Thus, Plaintiff also cannot demonstrate superiority.

### E.   Rule 23(b)(2) Is Unavailable To Plaintiff

Although Plaintiff also purports to seek certification under Rule 23(b)(2), that Rule is inapplicable here.  The hallmark of a Rule 23(b)(2) class action is injunctive relief.  Thus, Rule 23(b)(2) certification is inappropriate where the relief sought in a complaint is predominantly money damages.  *Dukes*, 564 U.S. at 361 (holding that Rule 23(b)(2) certification is error when monetary relief is not merely incidental to injunctive relief); *Advanced Acupuncture Clinic, Inc. v. Allstate Ins. Co.*, No. 07-4925, 2008 U.S. Dist. LEXIS 65174, at *30 (D.N.J. Aug. 26, 2008) (granting motion to strike class allegations where plaintiffs sought only monetary relief for breach of contract).

Here, the gravamen of Plaintiff's Section 1681k class claim is plainly money: attorneys' fees and $100-$1,000 per putative class member under Section 1681n.  Moreover, as numerous courts have held, injunctive relief is unavailable to private plaintiffs as a FCRA litigation remedy.  *Speers*, 2014 U.S. Dist. LEXIS 82386, at **21-28 (discussing *Washington v. CSC Credit Servs.*, 199 F.3d 263, 268 (5th Cir. 2000) and other authorities).  As such, Plaintiff cannot save his putative class action by arguing that Rule 23(b)(3) predominance does not matter, because Rule 23(b)(2) is not an available alternative here.  *Christ v. Ben. Corp.*, 547 F.3d 1292, 1298 (11th Cir. 2008) (vacating class certification, holding that where private injunctive relief is not a remedy available to class, Rule 23(b)(2) class certification is improper).  Rule 23(b)(3) predominance not only matters, but is fatal to Plaintiff's five-year nationwide class allegations.

11

## V.     CONCLUSION

Striking class allegations is proper where, as here, the plaintiff cannot satisfy Rule 23 even with the benefit of discovery.  For the foregoing reasons, Defendant respectfully requests that its motion be granted, that the Court strike all class allegations from Plaintiff's Complaint pursuant to Rules 23(c)(1)(A) and 23(d)(1)(D), and order that this case proceed as to Plaintiff's individual claims only.

Respectfully submitted,

*/s/ William J. Simmons*

William J. Simmons (PA #206860)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
267.402.3047
wsimmons@littler.com

Rod M. Fliegel (*pro hac vice*)
**LITTLER MENDELSON, P.C.**
333 Bush Street, 34th Floor
San Francisco, CA 94104
415.433.1940
rfliegel@littler.com

Chad J. Kaldor (*pro hac vice*)
**LITTLER MENDELSON, P.C.**
Fifth Third Center
21 East State Street, 16th Floor
Columbus, OH 43215
614.463.401
ckaldor@littler.com

Daniel P. Shanahan (*pro hac vice*)
**WILLIAMS & CONNOLLY, LLP**
725 Twelfth Street, N.W.
Washington, D.C. 20005
202.434.5174
dshanahan@wc.com

Dated: October 3, 2016                          Attorneys for Defendant

12