## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

**MICHAEL KELLY,**

|                                  |   |                                        |
|----------------------------------|---|----------------------------------------|
| **Plaintiff,**                   | : |                                        |
|                                  | : |                                        |
| **v.**                           | : |                                        |
|                                  | : |                                        |
| **BUSINESS INFORMATION GROUP,**  | : | **Civil Action No.: 2:15-cv-6668 (DS)** |
| **INC.**                         | : |                                        |
|                                  | : |                                        |
| **Defendant.**                   | : |                                        |
|                                  | : |                                        |
|                                  | : |                                        |

### ORDER PRELIMINARILY APPROVING SETTLEMENT
### AND DIRECTING NOTICE TO CLASS

The Court, having reviewed the Settlement Agreement[1] entered by the parties, hereby

Orders that:

    1.    The Court has considered the proposed settlement of the claims asserted by the

three classes of consumers defined as follows (the "Settlement Classes"):

    (A)    **The Injunctive Relief Settlement Class**.  All natural persons residing in
the United States (including all territories and other political subdivisions of the United States)
(i) who were subject to at least one BIG consumer report sourced from Trans Union from
December 17, 2010 to the date of the order for preliminary approval of the Settlement is entered
by the Court, (ii) whose report contained a public record.

    (B)    **The Rule 23(b)(2) Subgroup Settlement Class.**  All Injunctive Relief
Settlement Class Members, (i) who were subject to at least one BIG consumer report dated
December 17, 2013 to June 27, 2016, (ii) where the consumer report contained a public record,
other than a bankruptcy, sourced from Trans Union, (iii) where BIG's records do not reflect the
Settlement Class Member filed any dispute with BIG with respect to the above-referenced report.

    (C)    **The Automatic Payment Settlement Class.**  All natural persons residing
in the United States (including territories and other political subdivisions of the United States)
(i) who were subject to at least one BIG consumer report dated December 17, 2013 to June 27,

---

[1]    Unless otherwise defined herein, all capitalized terms in this Order have the same
meaning as in the Agreement.

2016, (ii) where the consumer report contained a public record sourced from Trans Union, and (iii) where BIG's records reflect that the Settlement Class Member filed a dispute with BIG with respect to the above-referenced report.

2.      The Settlement Agreement entered between the parties as of May 16, 2018 appears, upon preliminary review, to be fair, reasonable and adequate to the Settlement Classes. Accordingly, the proposed settlement is preliminarily approved, pending a final approval hearing as provided for herein.

3.      The prerequisites to a class action under Fed. R. Civ. P. 23(a) have been satisfied in that:

(a)  there are approximately 276,000 members of the Injunctive Relief Class; 88,041 members of the Rule 23(b)(2) Subgroup Settlement Class; and, 865 members of the Automatic Payment Class;

(b)  the claims of the Class Representative are typical of those of the other members of the Settlement Classes;

(c)  there are questions of fact and law that are common to all members of each Settlement Class; and

(d)  the Class Representative will fairly and adequately protect the interests of the Settlement Classes and has retained Class Counsel experienced in consumer class action litigation who have and will continue to adequately represent the Settlement Classes.

4.      This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds that apply generally to the Injunctive Relief Class so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Injunctive Relief Class as a whole.

5.      This action is maintainable as a class action under Fed.R.Civ.P. 23(b)(3) because (a) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, and (b) questions of fact and law common to the members of the Class predominate over any questions affecting only individual members.

6.      The Court appoints Plaintiff Michael Kelly as the Class Representative and James A. Francis, John Soumilas, and Lauren KW Brennan of the law firm of Francis & Mailman, P.C., Kristi Cahoon Kelly of Kelly & Crandall PLC, and Leonard A. Bennett and Matthew J. Erausquin of Consumer Litigation Associations, P.C. as counsel for the Class ("Class Counsel").

7.      The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) on **Thursday, November 1, 2018** at the U.S. District Court, 601 Market Street, Courtroom 3-H at **10:00 a.m.** for the following purposes:

(a)      To determine whether the proposed settlement is fair, reasonable and adequate and should be granted final approval by the Court;

(b)      To determine whether a final judgment should be entered dismissing the claims of the Settlement Classes with prejudice, as required by the Settlement Agreement;

(c)      To consider the application of Class Counsel for an award of attorney's fees and expenses, and for an individual settlement and service award to the Class Representative; and

(d)      To rule upon other such matters as the Court may deem appropriate.

8.      (a)      No later than thirty (30) calendar days after entry of this Order, Defendant shall provide to the Settlement Administrator, in a mutually agreeable electronic format, the three separate lists of names and addresses of the individuals that comprise the Injunctive Relief

Class, the Rule 23(b)(2) Subgroup Settlement Class, and the Automatic Payment Settlement Class (the "Class Lists"). The Settlement Administrator will have three (3) business days to note any objections to the content or format of the Class Lists, which will otherwise be deemed acceptable and approved for use by the Settlement Administrator.

(b)     Not later than twenty (20) days before the Final Approval Hearing, the Settlement Administrator will cause a declaration to be filed with the Court that the Notice described above was given as required by the Settlement Agreement.

9.     The Court finds this manner of giving notice fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

10.     If a Settlement Class Member chooses to opt-out of the Rule 23(b)(2) Subgroup Settlement Class or the Automatic Payment Settlement Class, such Settlement Class Member is required to submit a request for exclusion to the Settlement Administrator, post-marked on or before the date specified in the Notice, which shall be no later than thirty (30) days before the date of the Final Approval Hearing or as the Court otherwise may direct. A Settlement Class Member who submits a request for exclusion using the procedure identified above shall be excluded from the Settlement for any and all purposes. No later than ten (10) days prior to the Final Approval Hearing, the Settlement Administrator shall prepare a list of all people who have timely excluded themselves from the Settlement and shall provide such list to Class Counsel and Defense Counsel, who will then report the names appearing on this list to the Court at or before the time of the Final Approval Hearing.

11.     A Settlement Class Member who does not file timely a request for exclusion shall be bound by all subsequent proceedings, orders, and judgments in this action. Any

Settlement Class Member who submits a timely request for exclusion may revoke his or her request for exclusion by submitting to the Settlement Administrator a written statement of revocation, postmarked or received no later than fourteen (14) days before the date of the Final Approval Hearing.

12.     Any Settlement Class Member who wishes to be heard orally at the Final Approval Hearing, and/or who wishes for any objection to be considered, must file with the Clerk of the Court a written notice of objection postmarked within sixty (60) days after the mailing of the Notice.  The notice of objection shall also be served by First Class United States Mail upon Class Counsel and Defense Counsel.  Such objection shall be personally signed and state the caption of the Action and the name, address and telephone number of the person objecting to the Settlement, as well as a detailed statement of each objection asserted, including the grounds for objection and reasons for appearing and being heard, together with any documents such person wishes to be considered in support of the objection, and all relief sought.  Any objector wishing to be heard at the Final Approval Hearing must also file a notice of intent to appear with the Court Clerk's office, and must provide both Class Counsel and Defense Counsel with copies of the notice of intent to appear.

13.     All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the Settlement, for a Service Award to the Class Representative and for an award of attorney's fees and expenses shall be filed not later than ten (10) days before the Final Approval Hearing.

14.     The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

BY THE COURT:

_/s/ David R. Strawbridge, USMJ_____
HON. DAVID R. STRAWBRIDGE
U.S.M.J.

Dated:  June 28, 2018